UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOSEPH MALATAMBAN RAAB,

        Plaintiff,

        Case No. 2:19-cv-198

v.

        Honorable Robert J. Jonker

RYAN HERRING,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Herring for failure to state a claim.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently detained at the Chippewa County Jail located in Sault Sainte Marie, Chippewa County, Michigan, where he is apparently awaiting trial on charges related to the possession or manufacture of methamphetamine. Plaintiff sues Detective Ryan Herring.

Plaintiff alleges that Defendant, along with other law enforcement personnel, executed a search warrant at 230 Ferris Street and 232 Ferris Street in Sault Sainte Marie, Michigan. The search yielded evidence of the manufacture of methamphetamines at the 232 Ferris Street address. Plaintiff alleges, however, that he lived at 230 Ferris Street and no such evidence was discovered at his home. He further asserts that the warrant, and the affidavit offered to support the warrant, are "flagrantly unconstitutional" and connected to a "bad faith investigation." (Compl., ECF No. 1, PageID.7.) As a result of the allegedly unconstitutional warrant, Plaintiff was "arrested and charged with 9 counts of various charges of methamphetamine production or its components and 4 counts dealing with firearms." (*Id.*, PageID.6-7.) Plaintiff further contends that the evidence seized from 232 Ferris Street cannot be used against him because he did not live at that residence, but his efforts to suppress the evidence have failed because he lacks standing.

The current lawsuit is substantially the same as Plaintiff's earlier suit against "Deputy Sheriff Ryan Hering." *Raab v. Hering*, No. 2:19-cv-112, 2019 WL 3315229 (W.D. Mich. July 24, 2019). That case was dismissed for Plaintiff's failure to state a claim. *Id.*, at *2. Plaintiff did not appeal.[1] Notwithstanding the minute inconsistency of the defendant's name, the cases overlap with largely the same indistinct claims. In both cases Plaintiff has challenged the validity

---

[1] Plaintiff also filed a third lawsuit that has been stayed based on *Younger* abstention given the pendency of state criminal charges. *Raab v. McLeod, et al.*, Case No. 2:19-cv-108. Defendant Herring was not named in that suit under any spelling of his last name.

of the evidence seized against him during the searches of 230 and 232 Ferris Street.  Similarly, Plaintiff has alleged in both cases that Defendant pursued the investigation "in bad faith," (Compl., ECF No. 1, PageID.6) or "unethical[ly]," (Pl.'s Br. Supp. Compl., *Raab v. Hering*, No. 2:19-cv-112, ECF No. 1-1, PageID.10-11).

In the instant suit, Plaintiff seeks compensatory damages of $100,000 and punitive damages of $1,000,000.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff appears to allege violations of the Fourth and Fourteenth Amendments.

**III.    Res judicata**

Plaintiff's claims in this lawsuit are barred by the res judicata effect of the court's decision in the prior lawsuit. The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit

involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

The doctrine of res judicata further mandates that those who have contested an issue be bound by the results of the contest. *Baldwin v. Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931). An action that is barred by res judicata is legally frivolous. *See, e.g.*, *Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001). Even an erroneous conclusion reached by a court in an original action does not deprive a defendant in a subsequent action of the right to rely on the plea of res judicata. *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927). It is direct review by appeal, not the filing of new complaints concerning the same issues, that corrects any erroneous conclusions a court might make. *Equitable Tr. Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269 (5th Cir. 1982).

The instant case meets all three prerequisites for the Court to apply res judicata. Plaintiff's prior suit was dismissed for a failure to state a claim, which is a decision on the merits. *See Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3 (citing *Angel v. Bullington*, 330 U.S. 183 (1947)). Additionally, the previous lawsuit was between the same parties: Plaintiff initiated both cases, and despite the minor difference in spelling, Defendant Ryan Herring was an actual party in both cases. Finally, Plaintiff again challenges the evidence seized from the searches of 230 and 232 Ferris Street and the use of the evidence against him.

Insofar as the Court may identify any minor variations between Plaintiff's two complaints, Plaintiff is nonetheless "preclude[d] . . . from relitigating issues that were *or could have been raised* in that [earlier] action." *Federated Dep't Stores, Inc.*, 452 U.S. at 398 (emphasis added) (citing *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). As the Supreme Court has articulated,

> [a] party seeking to enforce a claim . . . must present to the court . . . all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.

*Baltimore S.S. Co.*, 274 U.S. at 320. If the law were otherwise, Plaintiff would have the ability to sue Defendant repeatedly, tailoring each successive complaint to respond to the previous dismissal.

Accordingly, Plaintiff's claims in the instant action are barred by res judicata.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's suit will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   December 27, 2019            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE